**E. S. Bundy, Assignee, Appellee, v. W. C. Harris et al., Appellants.**

EXEMPTIONS—*when judgment should not be rendered, as for wages.* Even though a promissory note may recite that it was given for wages due the payee, yet it is error to give judgment thereon as for wages if the evidence is uncontradicted that the consideration for such note was, as a matter of fact, something other than wages.

*Assumpsit.* Appeal from the County Court of Franklin county; the Hon. THOMAS J. MYERS, Judge, presiding. Heard in this court at the February term, 1909. Reversed and remanded. Opinion filed November 13, 1909.

JOPLIN & SPILLER and THOMAS J. LAYMAN, for appellants.

W. H. WILLIAMS, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

This was an action on a promissory note signed by appellants and payable to and delivered to W. D. Fly and O. M. Fly and by them assigned before maturity to appellee Bundy. The note was for three hundred dollars and had the following provisions: "and we further agree that if this note which is given for wages due payee as servant is collected by suit the judgment shall include an attorney's fee of $25."

To the declaration appellants filed a plea of the general issue and a special plea averring the note was not given for wages due payee as servant but was given for

a patent clothes line right. Issue being joined upon these pleas a jury was waived and the court upon hearing the evidence rendered a judgment against appellants for the amount of the note and interest including an attorney's fee of $25, making the total judgment $375.75, and further found and recited in the judgment that $350.75 thereof was for wages of plaintiff as servant.

The evidence in support of appellants' special plea that the note was given for a patent right to manufacture and sell clothes lines and that it was not given for wages as a servant, was uncontradicted, and it was further shown that appellants did not owe either the original payee or the appellee any sum for wages as servant.

Section 16 of chapter 52, Hurd's Statutes 1903, provides: "No personal property shall be exempted from levy of attachment or execution when the debt or judgment is for the wages of any laborer or servant: Provided the court rendering judgment shall find that the demand so sued for is for wages due such person as laborer or servant; which finding shall be expressed in the record of said judgment and endorsed upon the execution when issued."

This provision of the statute is solely for the benefit of laborers and servants and is designed to protect them against the exemption laws in collecting wages. No other class of creditors is entitled to the benefit of it, and in order to have the benefit of the statute it must appear the indebtedness for which the judgment is rendered is for such wages.

The duty rests upon the court at the time of rendering judgment to determine whether the indebtedness for which judgment is being rendered is for such wages. Epps v. Epps, 17 Ill. App. 196.

With the undisputed evidence which was entirely competent before the court that the note was not given for the wages of a servant, it was error to render a judgment for such wages.

This action of the court is assigned for error and is the only question submitted by the briefs of counsel. The judgment of the trial court for the error indicated is reversed and the cause remanded.

*Reversed and remanded.*