No. 3649

Second Circuit

(Second Division)

———

ALPHONSE BRENNER CO., INC., v. OWENS

———

(July 16, 1931. Opinion and Decree.)

———

Cook & Cook, of Shreveport, attorneys for plaintiff, appellee.

John G. Gibbs, of Shreveport, attorney for defendant, appellant.

CULPEPPER, J. Plaintiff sued via ordinary to recover $543.05 as an alleged balance due and unpaid on various and sundry sales of furniture to defendant between March 9 and October 28, 1925, inclusive, aggregating $1,369.80, a portion of which was secured by chattel mortgages taken at time of sales and a portion sold simply on open account. Plaintiff prayed for personal judgment against defendant, for recognition and enforcement of the chattel mortgages upon the portion of the furniture mortgaged, for recognition of its vendor's lien upon all of the furniture sold, and, further, for an order to sell the property according to law and that plaintiff be paid the proceeds by preference over all other creditors. The suit was filed August 15, 1928. On September 8, 1928, following, defendant, who was at the time of the sales to him, and still is, a resident of the parish of Caddo, within the jurisdiction of the court, came into court, through his attorney, and entered, as a plea in bar of plaintiff's demands, notice that on August 21, 1927, he was adjudged a bankrupt in the federal court, and that he had been finally discharged in said proceedings. Upon submission of satisfactory proof of his alleged bankruptcy and final discharge, defendant filed a plea in absolute bar to plaintiff's demands, alleging that his final discharge in bankruptcy operated as a discharge from all debts provable against his estate. Plaintiff took issue with defendant on the question. The plea was tried, resulting in a judgment decreeing that defendant personally was discharged but that plaintiff's right to proceed against the property involved still continued to exist.

Notwithstanding the ruling of the court upon this question, defendant filed a further motion to dismiss plaintiff's suit upon the grounds that plaintiff's rights, if any, are merely in rem; that, since no personal judgment can be had against defendant, and since none of the property mentioned in plaintiff's petition has been seized, attached, or in any way proceeded against in these proceedings, therefore there is no defendant and no property in court against whom or which a judgment could be rendered.

The status of this particular property and that of plaintiff's claim thereon seem to be about as follows: A portion of the furniture first sold by plaintiff to defendant was destroyed by fire, after which, plaintiff sold defendant the rest of the furniture. When defendant filed his application in the bankrupt court he listed the furniture he then had on hand, but claimed same to be exempt from sale under the law. The trustee thereupon disclaimed title, and the furniture was left in defendant's possession. Plaintiff in the meantime filed his claim in the usual course as a creditor in the bankrupt court but apparently received nothing in the distribution of the proceeds of the sale of the other property of the bankrupt estate, and thereafter, plaintiff brought this suit in the state court. The property remained in defendant's possession up to the filing of this suit. Defendant's motion to dismiss was overruled by the court, whereupon defendant, continuing to litigate, filed a plea to the jurisdiction ratione materiæ and ratione personæ, which was referred to the merits, and the case then tried on the merits, resulting in a judgment in rem only in favor of plaintiff for $209.10 with legal interest from judicial demand, and ordering

the property sold. The judgment decreed plaintiff to pay all costs incurred prior to the sustaining of defendant's plea in bar, and decreed defendant to pay all costs incurred subsequent thereto; the judgment to be personal against defendant as to the amount of the costs cast against him. Defendant prosecutes a devolutive appeal only.

We cannot agree with the learned defense counsel in his contention that plaintiff became owner of the property in question upon the trustee's disclaiming title to same in the bankrupt court. In Schexnailder v. Fontenot, 147 La. 467, 85 So. 207, 209, the court in discussing the status of property disclaimed by the bankrupt court, said:

"When Schexnailder claimed his homestead and had the same set apart, it was excluded from the bankruptcy proceedings and the jurisdiction of that court as completely as if it had never been placed upon his schedules."

It would necessarily follow that the title of such property was never affected, but remained in the bankrupt just as though the property had never been listed upon the bankrupt's schedule. The fact that in the cited case the property was real and in the present case it is personal property would make no difference so far as the title is concerned.

We fail to find in the record anywhere, in the pleadings or testimony, that defendant has disclaimed title to the furniture in question. The plain inference is that he claimed title, since he was in possession and has sought to prevent plaintiff from proceeding against it. If defendant had been assuming the position, as counsel says, that he was not owner, but plaintiff was, defendant should by all means have tendered possession to plaintiff at the time he filed his plea in bar against plaintiff's right to a personal judgment. If he had done so, this lawsuit would have ended then and there.

With regard to defendant's contention that plaintiff was without right to proceed in rem alone, since no personal judgment could be had and the property had not been brought into the custody of the court by attachment or otherwise, we see no good reason for such right to be denied to plaintiff. Defendant has not contested plaintiff's alleged lien against the property; on the contrary, defendant's position, it would seem, was that plaintiff was entitled to and still held a vendor's lien upon the property, but that plaintiff did not proceed properly to execute upon it. If defendant was the owner of the property and in possession, which he was, and if plaintiff had a vendor's lien upon it, and that fact is conceded by defendant, plaintiff had the undoubted right to bring the suit against defendant as owner and possessor, to have the lien recognized and enforced in rem, regardless of whether a personal judgment could be had against defendant or not. Nor did plaintiff necessarily have to have the property attached or sequestered in connection with his suit. Civ. Code, arts. 3278, 3285, 3411; Schexnailder v. Fontenot, cited supra.

This, of course, is upon the hypothesis that the debt or claim against the property has not become extinguished for any reason. Defendant has advanced no grounds whereby he claims the debt has

been extinguished other than the claim that part of it was paid and a portion of the goods was returned. Since defendant makes no further or additional claims as to the extinguishment of the debt, this court does not feel called upon to go beyond and outside of the defense as set up in search of any other or further grounds.

The fact that defendant made no surrender of, or offer to surrender, the property to plaintiff, so the record discloses, but continued to contest the suit, we think is the very plain and patent reason why the judge charged defendant with the costs incurred subsequent to the decree on the plea in bar. There seemed to have been but little real differences between the parties as to the amounts of the various debits, credits and offsets; and such differences we think were correctly resolved by the trial judge. Furthermore, defendant is not complaining now as to the court's ruling upon those questions.

In view of the fact that defendant continued to litigate voluntarily about a matter, which, according to the position he now takes, was wholly uncalled for and could only serve to incur additional useless and needless costs, and in view of the ultimate decision of the court upon the trial, we see no reason for defendant to complain simply about having to pay costs. Judgment is affirmed.

STEPHENS, J., takes no part, is recused.