**In re Denny M. GAGNARD and Louise M. Gagnard.**

**Bankruptcy No. 581–00733–A.**

United States Bankruptcy Court, W. D. Louisiana.

Feb. 23, 1982.

Irving Ward-Steinman, Alexandria, La., for debtor.

Charles A. Riddle, III, Marksville, La., for Dubroc Supply Co.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

LeROY SMALLENBERGER, Bankruptcy Judge.

On June 29, 1981, Denny and Louise Gagnard filed a joint petition seeking relief under Chapter 7 of the Bankruptcy Code. A washer, dryer and air conditioner were listed in the debtor's B–4 Schedule of Exempt Property. The exemption was objected to by the Trustee and the vendor, Dubroc Supply Company. The objection alleged that there was a valid chattel mortgage recorded upon those goods and therefore, under L.R.S. 13:3885, the exemption could not be claimed. On September 10, 1981, a hearing was held on the objection in which the Court found that the instruments recorded were not chattel mortgages under Louisiana law but merely installment sale agreements and not entitled to the protection guaranteed in L.R.S. 13:3885. Consequently, the exemptions of the debtors were upheld. The debtors were granted their discharge on September 24, 1981.

On October 19, 1981, Dubroc Supply Company filed a "Notice of Withdrawal of Claim", in which they withdrew their claim from the bankruptcy proceeding in order to seek enforcement of their vendor's privilege in state court. The creditor was of the opinion that exempt property was no longer in the jurisdiction of the Bankruptcy Court and therefore he was free to enforce his claim in state court. On November 11, 1981, a petition was filed by Dubroc in the 12th Judicial District Court of the State of Louisiana seeking to enforce its vendor's privilege. This petition provoked the filing of a "Motion for Contempt, Restraining Order, Damages and Attorneys' Fees" by the debtor. The debtor alleged that institution of the state suit was a violation of the Bankruptcy Code and therefore Dubroc should be held in contempt of court. A hearing was held on December 17, 1981.

Under *Lockwood v. Exchange Bank*, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1903), and the Bankruptcy Act of 1898, Section 70, title to exempt property did not pass to the Trustee and, as the property never became part of the bankruptcy estate, the Bankruptcy Court had no power to administer the property. Therefore any creditor who had liens upon exempt property could seek enforcement of that lien in

state court as was done in *Shexnailder v. Fontenot*, 85 So. 207, (La.1920). Dubroc followed the procedure used by the vendor in *Alphonse Brenner Co. v. Owens*, 17 La. App. 294, 136 So. 122, (2d Cir., 1931). There the state court allowed the vendor to enforce his vendor's privilege against exempt property over the objection of the bankrupt.

However, the Bankruptcy Reform Act of 1978 brought about substantial changes in the law. *Lockwood* and related cases appear to be founded upon the rule that, since exempt property did not become part of the property of the estate, the Bankruptcy Court did not have jurisdiction. This foundation has now been changed. Congress, in 28 U.S.C. 1471, gave the Bankruptcy Courts a broad jurisdictional grant over the proceedings under title 11 and over the property involved. 28 U.S.C. 1471(b) and (c) confer jurisdiction over all proceedings under title 11.

"The jurisdiction to be exercised by the Bankruptcy Court is of all proceedings arising under title 11 or arising under or related to a case under title 11 ... As used in this section everything that occurs in a bankruptcy case is a proceeding. Thus proceeding here is used in its broadest sense, and would encompass what are now called contested matters, adversary proceedings, and plenary actions under current bankruptcy law." S.Rep. No. 95–989, p. 153–154, Bkr.L.Ed. Section 83:12. 28 U.S.C. 1471(e) provides that the Bankruptcy Court shall have "exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case."

"Section 1471(e) grants to the Bankruptcy Court the broadest jurisdiction possible over the property of the debtor. When this subsection is added to subsections (a), (b) and (c), it is clear that the Court has been granted the most comprehensive jurisdiction over property and controversies surrounding or involving that property." 1 Collier on Bankruptcy, Para. 3.01, p. 3–56 (15th ed. 1980).

■ Significant changes were also made in what constitutes property of the estate.

The Code defines property of the estate to be whatever interests in property the debtor has at the commencement of the case. Under 11 U.S.C. Section 541(a)(1), property of the estate initially includes property scheduled by the debtor as exempt. The legislative history reveals that the change in law was intended to overrule *Lockwood.*

"Paragraph (1) has the effect of overruling *Lockwood v. Exchange Bank*, 190 U.S. 294, [23 S.Ct. 751, 47 L.Ed. 1061] (1903), because it includes as property of the estate all property of the debtor, even that needed for a fresh start. After the property comes into the estate, then the debtor is permitted to exempt it under proposed 11 U.S.C. 522 and the Court will have jurisdiction to determine what property may be exempted and what remains as property of the estate. The broad jurisdictional grant in proposed 28 U.S.C. 1471(b) would have the effect of overruling *Lockwood* independently of the change made by this provision." H.Rep. No. 95–595, p. 368, Bkr.L.Ed. Section 82:17.

But even though exempt property is initially considered as property of the estate, when the exemption is upheld, it becomes property of the debtor. Section 522 permits an individual debtor to take from the estate, by way of exemptions, that property necessary for a fresh start and for the support of himself and his dependents. The property is no longer considered property of the estate.

■ However, this does not mean that the Bankruptcy Court no longer has jurisdiction. As noted above, the Court has jurisdiction over any type of proceeding under Title 11 and over the property of the debtor. This Court has found no indication that Congress intended the Court to lose jurisdiction over property held to be exempt, but instead finds every indication that the Court maintains jurisdiction. Similarly the fact that the creditor withdrew his claim from the bankruptcy proceeding has no effect on the jurisdiction of this Court. Had the creditor never even filed his proof of claim, the Bankruptcy Court

**814**

would have jurisdiction under 28 U.S.C. 1471. See *In re Cloud Nine, Ltd.*, 3 B.R. 202, 5 BCD 1377, 1 CBC 2d 445, (Bkrtcy. 1980).

However, a creditor in Dubroc's position is not stayed under Section 362 from proceeding to enforce his lien. Because of the successful claim of exemption, the automatic stay provision of Section 362(a)(4) no longer applied, but that of Section 362(a)(5) did. Under Section 362(c)(2), the stay continued in effect only until the discharge was granted. The Gagnards received their discharge on September 24, 1981.

"The language of Section 362(c)(2) is clear and unambiguous and represents a simplification of the language of the Rules ... Property which has been claimed as exempt or which has been abandoned will then be property of the debtor protected by the stay of Section 362(a)(5) until the stay expires under 362(c)(2) or is terminated under subsections (d), (e) or (f)." 2 Collier on Bankruptcy, Para. 362.06, p. 362–43, (15th ed. 1980).

Therefore Dubroc was no longer stayed from acting under Section 362(c)(2).

What then was the appropriate action for the vendor to take? Because the action was against the property of the debtor, and because 28 U.S.C. 1471(e) gives exclusive jurisdiction to the Bankruptcy Court over all property of the debtor, the action to enforce the vendor's privilege should have been brought in the Bankruptcy Court. The jurisdictional scope of 28 U.S.C. 1471 clearly includes claims based on both federal and state law. A similar conclusion was reached in the case of *In Re Bullock*, 11 B.R. 73, CCH Bank L.Rptr. Para. 67998, (Bkrtcy.1981). In that case the Bankruptcy Court determined that it was the appropriate forum in which to entertain a motion for determination of whether exempt property subject to a purchase-money security interest should be turned over to the lien creditor.

In conclusion, the debtors have petitioned this Court to hold Dubroc in contempt of Court and for an award of damages and attorney fees. Due to the novelty of the situation and the apparent good faith reliance by the vendor upon cases under the Bankruptcy Act, this Court denies the motion with the understanding that the vendor, Dubroc Supply Company, will cease its action in state court.