RIPPLE, Circuit Judge.
 

 In this case, we must decide whether a now-superseded section of the Indiana Code
 
 [1]
 
 was an effective exemption alternative to the federal exemptions contained in section 522 of the Bankruptcy Code (the
 
 *34
 
 Code). The Indiana Code section in question exempted certain property from “levy or sale on execution or any other final process” based on “any debt growing out of or founded upon a contract express or implied.” Ind.Code § 34-2-28-1 (1982). The bankruptcy court held that the Indiana statutory scheme was not an effective exemption alternative to the federal scheme. The district court reversed. We now affirm the judgment of the district court.
 

 I
 

 Background
 

 A.
 
 The Applicable Statutory Scheme
 

 Section 522 of the Code lists property that a debtor may exempt from the property of the estate. 11 U.S.C. § 522(d). However, the same section permits a state to enact its own exemption scheme to be used in place of the one contained in section 522. 11 U.S.C. § 522(b)(1). At least thirty-six states, including Indiana, have elected to opt-out of the federal exemption scheme. 3
 
 Collier on Bankruptcy
 
 ¶ 522.02 (L. King 15th ed. 1987). The Indiana provision, Ind. Code § 34-2-28-0.5 (1982),
 
 [2]
 
 permits debtors domiciled in Indiana to exempt only properly specified by Indiana law. Under Indiana law, as it existed when the petition was filed in this case, the state’s list of exempt property was available only for “any debt growing out of or founded upon a contract express or implied.” Ind.Code § 34-2-28-1 (1982).
 
 [3]
 

 B.
 
 Facts
 

 On November 1, 1983, Ernst and Solie Paul, the appellees, obtained a jury verdict in the amount of $25,000 against the debt- or-appellant, James G. Ondras, for personal injuries caused by Mr. Ondras’ negligent use of a handgun. Subsequently, on March 12,1984, Mr. Ondras filed a petition for personal bankruptcy.
 
 In re Ondras,
 
 No. H 86-379, order at 1 (N.D.Ind. Apr. 15, 1987) [hereinafter Order]; R.4 at 1. In his bankruptcy petition, Mr. Ondras claimed various exemptions under Indiana Code section 34-2-28-1. These exemptions, totaling $11,950, were both real and personal property that Mr. Ondras owned at the time he filed the petition. The Pauls objected to Mr. Ondras’ claimed exemptions on the ground that Indiana’s exemption statute does not apply to tort claims.
 

 C.
 
 Bankruptcy Court Opinion
 

 The bankruptcy court overruled the Pauls’ objection and allowed the exemption. It held that the Indiana attempt to opt-out of the federal exemption scheme was inadequate and, therefore, Mr. Ondras was entitled to the federal exemptions listed in section 522 of the Code. In the bankruptcy court’s view, the Indiana exemption attempt failed because it purported to divide the estate into two categories, claims based on tort and claims based on contract. In order to give effect to such an exemption scheme, concluded the bankruptcy court, the trustee would be forced to classify claims as either tort or contract. It would “then be necessary for the Trustee to liquidate the property claimed by the Debtor as exempt to create a fund out of which only the tort claims would be paid. There is no authority in the Bankruptcy Code permitting such discriminatory treatment of claims.”
 
 In re Ondras,
 
 No. 84-60293, memorandum decision at 2 (Bankr.N.D.Ind. Dec. 30, 1985); R.5 at 2.
 

 D.
 
 District Court Opinion
 

 The district court reversed the judgment of the bankruptcy court. In the view of the district court, the issue before it was controlled by this court’s holding in
 
 In re
 
 
 *35
 

 Sullivan,
 
 680 F.2d 1131 (7th Cir.),
 
 cert. denied,
 
 459 U.S. 992, 103 S.Ct. 349, 74 L.Ed.2d 388 (1982). The district court noted that, while the legislative history evidenced substantial initial disagreement between the Senate and the House of Representatives, the plain wording of the statute evidenced that the disagreement was resolved in favor of “the Senate’s intention to allow the states to determine whatever exemptions would be appropriate.” Order at 3. The district court further noted that the distinction between tort and contract claims in Indiana’s exemption law could be traced back one-hundred years to
 
 Smith v. Wood,
 
 83 Ind. 522 (1882).
 

 II
 

 Analysis
 

 We begin with the obvious. It is not our task, or the task of any court, to fashion a bankruptcy system. Indeed, it is not even open to us to attempt to improve the one set forth in the Code. Our only legitimate task is one of legislative interpretation. We must ascertain the intent of Congress and apply it.
 

 In
 
 In re Sullivan,
 
 680 F.2d 1131 (7th Cir.),
 
 cert. denied,
 
 459 U.S. 992, 103 S.Ct. 349, 74 L.Ed.2d 388 (1982), this court upheld section 522(b)(1) against several constitutional attacks. In the course of our decision, we noted that the version of section 522(b)(1) that was finally enacted was a compromise between the two houses of Congress. “The bill introduced in the Senate proposed allowing state law to govern exemptions as it had under the 1898 Act.[
 
 4
 
 ] The House bill, by contrast, proposed allowing a bankrupt debtor to choose between state exemptions and enumerated federal exemptions.[
 
 5
 
 ] The language of section 522(d) is parallel, for the most part, to the provisions regarding exemptions in the House bill. The opt-out provision, section 522(b)(1), for which there is virtually no legislative history, was added to section 522 as a compromise provision.”
 
 Id.
 
 at 1135-36 (footnotes supplied). In
 
 Sullivan,
 
 we went on to recognize that this legislative compromise “in some cases may thwart the underlying purpose of the House.”
 
 Id.
 
 at 1136. It preserves for the states the ability to substitute their own list of exemptions for those specified in the federal statute. Other circuits also have recognized that legislative compromise produced such a result.
 
 See, e.g., In re Granger,
 
 754 F.2d 1490, 1492 (9th Cir.1985) (“state that has opted out [of the federal exemption scheme] has considerable freedom in creating exemptions and
 
 eligibility requirements for those exemptions
 
 ”) (emphasis supplied);
 
 In re Hall,
 
 752 F.2d 582, 587 (11th Cir.1985) (“In granting the states the power to opt out of the federal list of exemptions,
 
 Congress did not appear to place any limits on the states’ ability to do so.”)
 
 (emphasis supplied) (footnote omitted);
 
 Hinkson v. Pfleiderer,
 
 729 F.2d 697, 699 (10th Cir.1984) (“It is clear that where a state has acted affirmatively, pursuant to the congressional grant contained in 11 U.S.C. § 522(b)(1), a debtor may not take advantage of the exemptions provided for under section 522(d) of the Code.”);
 
 Rhodes v. Stewart,
 
 705 F.2d 159, 163 (6th Cir.) (collecting cases holding “states are empowered to create whatever exemptions they elect”),
 
 cert. denied,
 
 464 U.S. 983, 104 S.Ct. 427, 78 L.Ed.2d 361 (1983).
 

 The Indiana exemption scheme did not simply list property that is exempt. It placed that property beyond the reach of
 
 *36
 
 only certain creditors (i.e. contract creditors) while keeping the property within the reach of other creditors such as the tort creditors here. We cannot say, however, that, in enacting the compromise provision of section 522, Congress was unaware that its handiwork would give the states such flexibility with respect to exemptions. As the district court noted, the Indiana provision had been in force for a century. Furthermore, Indiana had hardly been alone in utilizing such provisions.
 
 See, e.g., In re Brumbaugh,
 
 128 F. 971 (D.Pa.1904) (“It is undoubtedly true, under the law of Pennsylvania, by which the [claimed bankruptcy] exemption is given, that it cannot be claimed in cases of tort, but only of contract.”).
 
 See generally
 
 Joslin,
 
 Debtor’s Exemption Laws: Time for Modernization,
 
 34 Ind.L.J. 355, 372, 374-75 (1959) (collecting examples of state exemption laws giving certain debts “special consideration”). The impact of such subject-based exemptions on the administration of bankruptcy laws has long been acknowledged.
 
 See
 
 Countryman,
 
 For a New Exemption Policy in Bankruptcy,
 
 14 Rutgers L.Rev. 678, 709-10 (1960).
 

 There may well be a good deal of truth in Judge Hoffman’s statement that “[i]f lawmaking is like sausage-making, section 522(b) is a rare piece of sausage.”
 
 Dominion Bank v. Nuckolls,
 
 780 F.2d 408, 414 (4th Cir.1985) (Hoffman, J., concurring). However, legislative compromise often produces a legislative work product whose internal logic is less than perfect. As Judge Hoffman noted with respect to section 522, “[t]he policies reflected in the section are conflicting because it resulted from an eleventh-hour compromise between the House and the Senate.”
 
 Id.
 
 (footnote omitted);
 
 see In re Shines,
 
 39 B.R. 879, 881-82 (Bankr.E.D.Va.1984) (noting that the Virginia exemption for rent debts,
 
 [6]
 
 while constitutional, “disrupts the federal distribution scheme and its underlying goal of equality among classes of creditors);
 
 see also In re McManus,
 
 681 F.2d 353, 357 n. 7 (5th Cir.1982). Such legislative inconsistencies must be remedied by the Congress, not the courts.
 

 Because we believe that the district court correctly decided that the creditors’ objection to the exemption should have been sustained, we affirm the judgment of the district court.
 

 Affirmed
 

 [1]
 

 . The Indiana Code section in question, § 34-2-28-1, stated in relevant part at the time that this action was commenced:
 

 The following property of a debtor domiciled in the state of Indiana shall not be liable for levy or sale on execution or any other final process from a court, for any debt growing out of or founded upon a contract express or implied_
 

 Ind.Code § 34-2-28-1 (1982).
 

 Effective September 1, 1986, the Indiana legislature amended this statute to include debts founded in tort as well as contract:
 

 The following property of a judgment debt- or domiciled in Indiana is not subject to levy or sale on execution or any other final process from a court, for a judgment founded upon an express or implied contract
 
 or a tort claim....
 

 Ind.Code § 34-2-28-1 (Supp.1987) (emphasis supplied).
 

 This amendment, however, does not apply to causes of action in tort that arose prior to September 1, 1986. 1986 Ind. Acts 182. Accordingly, because this action arose before the effective date, we must decide the case under the prior Indiana statute.
 

 [2]
 

 . Section 34-2-28-0.5 of the Indiana Code provides:
 

 In accordance with section 522(b) of the Bankruptcy Code of 1978 (11 U.S.C. 522(b)), in any bankruptcy proceeding, an individual debtor domiciled in Indiana:
 

 (1) is not entitled to the federal exemptions as provided by section 522(d) of the Bankruptcy Code of 1978 (11 U.S.C. 522(d)); and
 

 (2) may exempt from the property of the estate only that property specified by Indiana law.
 

 Ind.Code § 34-2-28-0.5 (1982).
 

 [3]
 

 .
 
 See supra
 
 note 1.
 

 [4]
 

 . Indeed, as a 1978 Senate Report explicitly noted, it was the Senate's position that "[cjurrent law is retained in the area of exempt property, which is property that the debtor may retain after bankruptcy for a fresh start. For this purpose,
 
 current law adopts the exemption law of the State in which the debtor is a resident.
 
 ” S.Rep. No. 95-989, 95th Cong., 2d Sess. 6 (1978),
 
 reprinted in
 
 1978
 
 U.S.Code Cong. & Admin.News
 
 5787, 5792 (emphasis supplied).
 
 See generally
 
 3 Bankr.L.Ed. (LCP/BW) § 22:14 (1980) (“Under the Bankruptcy Act of 1898 a debtor was enti-tied to the exemptions which were prescribed by the laws in force at the time of his filing in the state of his domicile.”).
 

 [5]
 

 . The House noted that its proposed scheme was
 
 "a significant departure from present law.
 
 It permits an individual debtor in a bankruptcy case a choice between exemption systems." H.R. No. 95-595, 95th Cong., 1st Sess. 360 (1977),
 
 reprinted in
 
 1978
 
 U.S.Code Cong. & Admin.News
 
 5963, 6316 (emphasis supplied).
 

 [6]
 

 .
 
 The Virginia statute provides in pertinent part: Such exemption [the Virginia homestead exemption] shall not extend to any execution order or other process issued on any demand in the following cases:
 

 [[Image here]]
 

 (5) For rent.
 

 Va.Code Ann. § 34-5 (Repl.Vol.1984).