In re Mathew G. FARR, Debtor.

**S & C HOME LOANS, INC., Plaintiff,**

v.

**Mathew G. FARR, Defendant.**

Bankruptcy No. 97–10870.
Adversary No. 97–1147.

United States Bankruptcy Court,
N.D. California.

Sept. 8, 1998.

Michael C. Fallon, Attorney at Law, Santa Rosa, CA, for defendant.

Barry D. Parkinson, Attorney at Law, Petaluma, CA, for plaintiff.

Ray H. Olmstead, Attorney at Law, Santa Rosa, CA, for co-tenant, Fairel Anderson–Farr.

Memorandum of Decision

ALAN JAROSLOVSKY, Bankruptcy Judge.

Debtor Mathew G. Farr filed a Chapter 7 petition in 1997. Within the prescribed time limits, plaintiff S & C Home Loans, Inc., filed this adversary proceeding to determine the dischargeability of its claim against Farr. On December 18, 1997, this court entered judgment against Farr, determining S & C's claim to be nondischargeable pursuant to section 523(a)(2) of the Bankruptcy Code.

In his bankruptcy schedules, Farr scheduled his residence at 814 Grandview Avenue, Sebastopol, as exempt. There were no objections to the claim of exemption. The base case has been closed, revesting the property in Farr pursuant to section 554(c) of the Code.

S & C is now seeking to enforce its judgment against the Grandview Avenue property, alleging that it has appreciated in value to the point where there is some equity over and above the amount allowable under California homestead laws. Farr disputes this assertion. Before the court resolves this issue, however, it must decide if S & C can proceed against the home even if its assertion of appreciation is correct.

Section 522(c) of the Bankruptcy Code provides, in pertinent part:

> (c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt that arose ... before the commencement of the case, except—
>
> (1) a debt of a kind specified in section 523(a)(1) or 523(a)(5) of this title....

Section 523(a)(1) makes certain taxes nondischargeable; section 523(a)(5) covers spousal and child support. The clear implication is that property which was exempted is not liable after the bankruptcy for other types of nondischargeable debt. While this may offend some notions of fairness, it is the mandate of the law. As the court noted in *Walters v. U.S. Nat. Bank of Johnstown,* 879 F.2d 95, 97–98 (3rd Cir.1989):

> The bank urges that we should nevertheless rewrite section 522 because if it is read literally it conflicts with the overall purposes of the Bankruptcy Code. There is no such conflict, because the Bankruptcy Code has several goals, not the least of which is giving debtors a fresh start in life. Another, obviously somewhat conflicting, goal is to discourage debtor misconduct by preventing discharge of certain kinds of debt. Congress, after hearing from interested groups in the economy, struck a balance between competing goals. While we might have struck a different balance, we are not free to disregard the clear legislative judgment.

Not only does section 522(c) facilitate the fresh start of a debtor, but an equally important effect is the preservation of some property for tax and support claimants. Section 522(c) preserves property which was exempted for these creditors, both past and future, so that they do not have to compete with other types of creditors when attempting to enforce their claims.

In support of its position, S & C cited *In re Reed,* 940 F.2d 1317 (9th Cir.1991). However, that case is easily distinguished. That case dealt with postpetition appreciation of a property which had not yet revested in the debtor pursuant to section 554(c). The court properly held that in such case, the debtor was not entitled to anything beyond the amount of his homestead exemption upon the sale of the property. Section 522(c) is nowhere mentioned in *Reed,* because it was not relevant; the issue there was the rights of the bankruptcy estate, not enforcement of an individual debt. Moreover, *Reed* was based on California law. A debtor's rights under section 522(c) are governed by federal law, not state law. *Matter of Davis,* 105 F.3d 1017, 1021–23 (5th Cir.1997).

The clear intent of Congress in section 522(c) was to preserve property exempted in bankruptcy for satisfaction of tax and support obligations and, if the debtor has no such debts, for the debtor's fresh start. As the court in *Walters* noted, it is not the province of the courts to rewrite the statute if they disagree with Congress' judgment.

Accordingly, the motion for an order of sale will be denied without the need to determine the amount of the equity in the property. Counsel for Farr shall submit an appropriate form of order.