In the Matter of Stephen LeRoy BUDA, Bankrupt.

Thomas P. HAYES, Trustee, Appellant,

v.

Stephen LeRoy BUDA, Appellee.

No. 14123.

United States Court of Appeals Seventh Circuit.

Oct. 8, 1963.

R. Arthur Ludwig, Milwaukee, Wis., for appellant.

Maurice L. Gorsky, Merton N. Rotter, Murphy, Shapiro & Gorsky, Milwaukee, Wis., for appellee.

Before HASTINGS, Chief Judge, and KILEY and SWYGERT, Circuit Judges.

KILEY, Circuit Judge.

Trustee has appealed from an order of the District Court confirming a decision of the Referee, in Bankruptcy denying trustee's petition for a turnover order.

The bankrupt had a right of action for personal injuries which was not reduced to judgment when the bankruptcy petition was filed. Later, under agreement with the trustee, the personal injury claim was settled, and, after paying bankrupt's expenses and fees, approximately $500.00 remained. This is the sum sought by the trustee.

Under § 70 of the Bankruptcy Act [1] all property, including rights of action, "which prior to the filing of the petition he [bankrupt] could by any means have transferred or which might have been levied upon and sold under judicial process * * * or sequestered" vests in the trustee. A proviso, however, excludes personal injury rights of action "unless by the law of the State such rights * * * are subject to attachment, execution, garnishment, sequestration or other judicial process."

Trustee concedes that rights of action for personal injury are not subject to attachment, execution or garnishment under Wisconsin law. The vital legal question, therefore, is whether, under Wisconsin law, Buda's right of action for personal injury is subject to "sequestration or other judicial process."

The statutory basis for sequestration is given in § 128.19 of the Wisconsin Creditor's Act,[2] which provides:

"(1) The receiver or assignee * * * shall be vested * * *

1. 52 Stat. 879 (1938), 11 U.S.C. § 110 sub. a (5) (1953).

2. Wis.Stat., § 128.19 (1961).

with the title of the debtor * * * hereunder, except so far as it is property which is exempt, including

   *     *     *     *     *

"(b) Property which prior to the filing of the petition * * * he could by any means have transferred or which might have been levied upon and sold under judicial process against him.

"(c) Rights of action arising * * * from the unlawful taking or detention of or injury to his property."

Bankrupt concedes that his right of action was not "exempt" under the Wisconsin Executions Act,[3] and concedes further that his right of action at the time he filed the bankruptcy petition could have been "transferred" by assignment. Lehmann v. Farwell, 95 Wis. 185, 70 N.W. 170, 37 L.R.A. 333 (1897), McGarvey v. Independent Oil & Grease Co., 156 Wis. 580, 146 N.W. 895 (1914), D'Angelo v. Cornell Paperboard Products Co., 19 Wis. 2d 390, 120 N.W.2d 70 (1963).

■ It is our opinion that if the Wisconsin legislature intended that "property" subject to "sequestration" should include a right of action for injuries to one's person it would not obscure that intention by the general language of paragraph (1) (b) of § 128.19 but would have placed the words "his person or" following the word "to" in paragraph (1) (c).[4] We conclude on this point that because the right of action was transferable by assignment it was not ipso facto property which vested under § 128.19.

■ To sustain his contention that rights of action are subject to "other judicial process," trustee relies upon the

Remedies Supplementary to Execution Act of Wisconsin [5] which provides that "any property" of a judgment debtor not exempt is subject to be applied to satisfaction of a judgment. Trustee contends therefore that the bankrupt's right of action was a "thing" in action or a "debt" under the statutory definition of personal property which "includes * * * things in action, evidences of debt * * *." [6] We see no merit in this contention, for in Gibson v. Gibson, 43 Wis. 23 (1877), the court stated that a right of action was neither a debt nor a thing in action. 43 Wis. at 35.

■ Before the proviso with regard to personal injuries was included, § 70 sub. a(5) of the Federal Bankruptcy Act [7] was silent about rights of action for personal injuries, but under these prior acts it was "well settled" that such rights of action were not property which vested in the trustee. Saper v. Delgado, 146 F.2d 714, 156 A.L.R. 1428 (2d Cir. 1945). Accordingly we view § 70 sub. a(5) as continuing the policy that the bankrupt's action for personal injuries belongs to him, except where applicable state law subjects such rights of action to actions by creditors. With this limited exception § 70 sub. a(5) continues to recognize that "[i]t is not * * * the policy of the law" to take from a wrongfully injured person the compensation for his injury to satisfy his creditors in a bankruptcy proceeding. Sibley v. Nason, 196 Mass. 125, 81 N.E. 887, 889, 12 L.R.A.,N.S., 1173 (1907). Without Wisconsin "law" to the contrary, we cannot therefore hold that Buda's right of action vested in the trustee.

■ We hold that the District Court did not err in deciding that bankrupt's

---

3. Wis.Stat., § 272.18 (1961).

4. Section 128.19, enacted by the 1937 Wisconsin legislature, is fashioned after § 70 of the 1898 Bankruptcy Act, 30 Stat. 565. The same conclusion as we reached here was reached in Ruebush v. Funk, 63 F.2d 170, 172 (4th Cir. 1933). The court there read together subsections 5 and 6 of the 1898 Bankruptcy Act [paragraphs (1)

(b) and (1) (c) of § 128.19] and decided that by the latter's enumeration of other specific rights of action which pass to the trustee, rights of action for personal injury were excluded.

5. Wis.Stat., § 273.08 (1961).

6. Wis.Stat., § 990.01(27) (1961).

7. 30 Stat. 565 (1898).

right of action did not vest in the trustee, and did not err in confirming the Referee's denial of the turnover order.

The decision of the District Court is affirmed.