**In the Matter of Ralph W. BRANDSTAETTER, Mary L. Brandstaetter, Debtors.**

Bankruptcy No. 82–03182.

United States Bankruptcy Court, E.D. Wisconsin.

Jan. 17, 1984.

Douglas Mann, Milwaukee, Wis., Trustee.

Mark S. Young, Borgelt, Powell, Peterson & Frauen, S.C., Gerald M. Schwartz, Grodin & Grodin, Milwaukee, Wis., for debtors.

C.N. CLEVERT, Bankruptcy Judge.

The debtors, Ralph and Mary Brandstaetter, claimed nonstatutory exemptions for personal injury causes of action on which they had not filed suit prior to bankruptcy. Their bankruptcy trustee objected to the exemptions claiming that Wisconsin provided neither statutory nor common law exemptions for personal injury claims and that personal injury claims passed to the debtors' bankruptcy estate under § 541 of the Bankruptcy Code. The debtors opposed the objection arguing that the cases of *In re Buda,* 323 F.2d 748 (7th Cir.1963) and *Peeples v. Sargent,* 77 Wis.2d 612, 253 N.W.2d 459 (1977) had held that personal injury claims in Wisconsin were immune from creditor process and thus exempt under the Bankruptcy Act of 1898. Furthermore, they argued that the 1978 Bankruptcy Code did not effectuate a change in the exempt status of personal injury claims and that the trustee's objection to their exemptions was untimely.

It is clear to the court that the debtors have correctly concluded that their personal injury claims are exempt under Wisconsin law. In *Buda* the Seventh Circuit analyzed § 128.19 of the Wisconsin Creditor's Act [1] and the Remedies Supplementary to Execu-

---

1. 128.19 Title to property. (1) The receiver or assignee upon his qualification shall be vested by operation of law with the title of the debtor as of the date of the filing of the petition or assignment hereunder, except so far as it is property which is exempt, including:

(a) Property transferred by him in fraud of his creditors.

(b) Property which prior to the filing of the petition or assignment he could by any means have transferred or which might have been levied upon and sold under judicial process against him.

(c) Rights of action arising upon contracts or from the unlawful taking or detention of or injury to his property.

(2) The receiver or assignee may avoid any transfer by the debtor of his property which any creditor might have avoided and may recover the property so transferred or its value from the person to whom it was transferred unless he was a bona fide holder for value prior to the filing of the petition or assignment hereunder.

370

tion Act of Wisconsin.[2] As a result the Court of Appeals found that rights of action for personal injuries were not subject to sequestration or other judicial process and could not be applied to satisfaction of a judgment. Citing *Gibson v. Gibson,* 43 Wis. 23, 35 (1877), the Court of Appeals also found that Wisconsin had long held that "a right of action was neither a debt nor a thing in action." 323 F.2d at 750. Thus, *Buda* implicitly held that personal injury claims were exempt personal property under Wisconsin law. It follows, that even in the absence of a specific statutory exemption, § 522(b)(2)(A)[3] of the Bankruptcy Code allows Wisconsin debtors to claim personal injury action exempt and thereby remove such actions from their bankruptcy estates created under § 541 of the Code.[4]

The trustee's objection to the debtors' personal injury claims is disallowed.[5]

**2.** § 273.08 Wis.Stat. renumbered 816.08 (S.Ct. Order, 67 WIS.2d 761, eff. Jan. 1, 1976).

**3.** (b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate . . . .

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place;

**4.** § 541. Property of the estate.

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interest of the debtor in property as of the commencement of the case.

**5.** In view of this decision, the court need not consider whether the trustee's objection was timely.