CUDAHY, Circuit Judge.
 

 These proceedings arise in a bankruptcy proceeding under Chapter 7 of Title 11 of the United States Code. The trustee in bankruptcy appeals from an order of the district court disallowing the trustee’s objection to the debtors’ claim of exemption of certain personal injury claims. We affirm.
 

 I.
 

 On September 16, 1982, Ralph and Mary Brandstaetter, the debtors-appellees, filed a voluntary petition for relief under Chapter 7, Title 11, of the United States Code., In their Schedule B-2, both debtors listed unasserted claims for personal injuries as assets. In Schedule B-4, the debtors elected exemptions allegedly pursuant to Wisconsin law and listed these personal injury claims as exempt property. On October 4, 1982, the bankruptcy court issued an order setting a meeting of creditors and fixing times for filing objections to discharge and for other purposes. This order scheduled a meeting of creditors for October 20, 1982. In the order, the court also required that any objection to the debtors’ claim of exempt property had to be filed within 15 days after the date set for the meeting of creditors — that is, by November 4, 1982.
 

 On October 20, 1982, a creditors’ hearing was held as scheduled. No objections were filed within the time limit, and the debtors were discharged on January 10, 1983.
 

 On or about March 9, 1983, the trustee filed an objection to the debtors’ claimed exemption of the personal injury claims. The debtors filed their initial brief and four supporting affidavits on April 22, 1983. On April 29, 1983,
 
 after
 
 filing his objection, the trustee filed a motion, with supporting affidavit and brief, requesting an order extending time to file an objection to the debtors’ claim of exemption of the personal injury claims. The bankruptcy court did not rule on the motion, but did not dismiss the objection, either. The trustee then filed a brief in support of his objection to the exemptions, and the debtors filed a reply brief and three additional supporting affidavits. The debtors argued that the trustee’s objection was untimely and further on the merits that the personal injury cause of action, although part of the debtors’ estate pursuant to section 541 of the Bankruptcy Code, was exempt property under the law of Wisconsin. The bankruptcy judge declined to rule on the untimeliness objection but held that the personal injury claim constituted exempt property and therefore disallowed the trustee’s objection to the exemptions, 36 B.R. 369 (Bkrtcy.D.Wis.1984).
 
 [1]
 

 
 *326
 
 II.
 

 Although the bankruptcy court did not rule on the timeliness of the objection, it specifically noted on the first page of its decision that timeliness was an issue before that court.
 

 An appeal was taken to the district court, which affirmed the determination of the bankruptcy court, again declining to rule on the untimeliness argument but agreeing that the personal injury claim constituted exempt property and therefore that the trustee’s objection to the exemption should be disallowed. Both the bankruptcy judge and the district court found that since the personal injury claim had been excluded from the bankruptcy estate in
 
 Matter of Buda,
 
 323 F.2d 748 (7th Cir.1963), and was therefore not available to meet creditors’ claims under the former bankruptcy law, this property was also exempt under Wisconsin law under the test provided by the new Bankruptcy Code. We decline to address this issue on the merits, but we find that the trustee’s objection to the exemption was untimely and that the decision of the bankruptcy court affirmed by the district court may be affirmed on this alternative ground. Under the peculiar circumstances of this case we believe that we are authorized to address this issue and decide it. There are no outstanding questions of fact which appear to be material to a determination of timeliness and this seems to be an issue which can be decided based upon the documents which are before us.
 

 III.
 

 Because of a historical gap, no statutory time limit for filing objections applies to this case. The case was filed on September 16, 1982. On October 4, 1982, the bankruptcy court issued an order setting October 20, 1982 as the date for the creditors’ meeting and requiring that any objection to the debtors’ claim of exempt property be filed within 15 days after that date, namely, by November 4, 1982. The trustee’s objection was filed on March 9, 1983.
 

 Bankruptcy rules in effect at the time of the enactment of the Bankruptcy Reform Act of 1978, Pub.Law No. 95-598, 92 Stat. 2549 (codified as amended in 11 U.S.C. and scattered sections of 28 U.S.C.), were to continue to apply to the extent they were not inconsistent with the new Code.
 
 In re Bartley,
 
 33 B.R. 768 (Bankr.E.D.N.Y.1983);
 
 In re Vigil,
 
 23 B.R. 172 (Bankr.D.Colo.1982). Since the Code does not establish a time limit for the filing of objections to exemptions, any time limit set by the older rules would apply if not inconsistent with the provisions of the Code. Old Rule 403 set fifteen days from the filing of a required report as the limit for filing objections. Since the Code does not require the filing of such a report, most courts that have considered the matter- have decided that the old rule is in fact inconsistent with the provisions of the Code.
 
 See Matter of Dembs,
 
 757 F.2d 777, 780 (6th Cir.1985);
 
 In re Bartley,
 
 33 B.R. at 770;
 
 In re Vigil,
 
 23 B.R. at 174. But see
 
 Redmond v. Tuttle,
 
 698 F.2d 414, 416-17 (10th Cir.1983).
 

 A new Bankruptcy Rule 4003 has been promulgated under the Bankruptcy Code which requires that objections to claimed exemptions must be made within thirty days after the creditors’ meeting or any amendment, or they are waived. Rule
 
 *327
 
 4003, however, took effect on August 1, 1983 and was applicable only to proceedings pending on that date, except to the extent that in the opinion of the court the application would not be feasible or would work injustice. The case before us was still pending on August 1, 1983 but we do not believe that the rule should be applied retroactively to actions already taken by the parties, for they were without notice that a restrictive rule might be applied.
 
 See In re Penland,
 
 34 B.R. 536 (Bankr.E.D.Tenn.1983).
 

 Had either of' these time limits applied, of course, the filing in this case would be untimely. Under the old Rule 906 and new Rule 9006, the bankruptcy judge could extend the time allowed on a showing of excusable neglect. Although there is sufficient evidence in the record to show that it would have been an abuse of discretion for the bankruptcy judge to find excusable neglect, we need not reach that issue. For the objection was not filed until almost two months after discharge of the debtors.
 
 [2]
 

 That is, in the instant case the debtors were discharged on January 10, 1983 and the trustee’s objection was not filed until 58 days thereafter, on March 9, 1983. Since the debtors registered a timely protest to this late filing, important considerations of policy, as well as the very provisions of the Bankruptcy Code, strongly suggest that the objection should be disallowed barring extraordinary circumstances.
 

 As the Sixth Circuit noted in a similar case,
 
 Matter of Dembs,
 
 757 F.2d 777, 781 (1985):
 

 A discharge in a Chapter 7 case ‘discharges the debtor from all debts that arose before the date of the order for relief under this chapter.’
 

 11 U.S.C. Section 727(b). Grounds for revocation of discharge are set out in section 727(d), and exceptions to discharge are set out in section 523.
 
 [3]
 
 This statutory framework provides specific limits on challenges to discharges of the debtor’s personal liability.
 

 Therefore, barring circumstances which are not present here, post-discharge efforts to reach purportedly exempt property must
 
 *328
 
 fail.
 
 See Dembs
 
 at 781.
 
 See also, Harris v. Manufacturers National Bank,
 
 457 F.2d 631 (6th Cir.),
 
 cert. denied,
 
 409 U.S. 885, 93 S.Ct. 118, 34 L.Ed.2d 142 (1972);
 
 Fetter v. United States,
 
 269 F.2d 467 (6th Cir.1959). We feel that this was the appropriate rule under the old bankruptcy law as well as under the 1978 Act.
 

 Certainly, it would be questionable policy to allow the trustee to hang back while the debtor goes forward with his personal injury claims and then subsequently object to the inclusion of these claims in exempt property. It would be inequitable to allow the debtor to invest funds in prosecution of these claims only to have them subsequently seized by the trustee. We think that the significance placed upon the act of discharge by the relevant bankruptcy legislation is sufficiently marked that the objection here must be deemed to be untimely and therefore the judgment of the district court must be AFFIRMED.
 

 [1]
 

 . The trustee filed an affidavit asserting that in October of 1982 he wrote to the attorney for the debtor and inquired as to the personal injury claims. The trustee indicates that he received a responsive letter dated November 1, 1982 which, in the trustee’s opinion, did not sufficiently advise him as to the merits or value of the claim. The trustee indicates that in a letter of November 5, 1982, he asked for additional information from Attorney Young, representing the debtor, about the personal injury claims and received a responsive letter on November 17, 1982 providing the information requested and furnishing information about the relative value of the claim. The trustee asserts that at some time between October 20, 1982 and November 5, 1982, he had telephone conferences with certain attorneys for the debtor informing one or both of the attorneys of the trustee’s objection to the claim relative to the personal injury claims.
 
 *326
 
 The trustee takes the position that when it became apparent to him that he would not receive any further information or that there would not be a voluntary change of position, he filed his written objection to the exemption on March 8, 1983.
 

 Attorney Young on behalf of the debtors filed an affidavit which took exception to certain assertions made by the trustee. Among other things, Attorney Young’s affidavit states that at no time prior to the filing of the written objection by the trustee was Attorney Young advised that an exception to the exemption was in fact being made. Attorney Schwartz, also for the debtors, stated that, although he had some contact with the trustee regarding the personal injury claims prior to the date of the written objection, at no time did the trustee advise him that he was making an objection to the exemption until the written objection was entered.
 

 It is not necessary for us to decide between these positions. Since the transcript shows that, at the time of the October hearings, the trustee was well aware of the cause of action, his uncertainty as to the extent of the claim will not support a finding of excusable neglect.
 

 [2]
 

 . We also note-that although many bankruptcy courts filled gaps in bankruptcy procedure in the period between the passage of the Bankruptcy Code and the effective date of the new Bankruptcy Rules by promulgating local rules under the authority of old Bankruptcy Rule 927, the bankruptcy court here did not do this.
 

 The bankruptcy court did, of course, set a time limit for objections: 15 days from the creditors’ meeting on October 20. There is a good deal of authority, however, for the view that in this interim period between the operation of the old and the more recent rules the enforcement of time limits was within the discretion of the bankruptcy court.
 
 See In re Cipa,
 
 11 B.R. 968, 970 (Bankr.W.D.Pa.1981) (objection filed two weeks after deadline set by court considered by court);
 
 Ragsdale v. Genesco, Inc.,
 
 674 F.2d 277, 278 (4th Cir.1982) (citing the
 
 Cipa
 
 case for the proposition that accepting a late objection was within the discretion of the bankruptcy judge). Hence filing after the judge-made deadline would not by itself bar the objection, given that the bankruptcy judge considered the objection on the merits.
 

 [3]
 

 . § 727. Discharge
 

 (a) ....
 

 (b) Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title.
 

 (c) .....
 

 (d) On request of the trustee or a creditor, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—
 

 (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;
 

 (2) the debtor acquired property that is property [properly] of the estate or became entitled to acquire property that would be property of the report the acquisition of, or entitlement to, such property, or to deliver or surrender such property to the trustee; or
 

 (3) the debtor committed an act specified in subsection (a)(6) of this section.
 

 Pub.L. 95-598, Nov. 6, 1978, 92 Stat. 2609. Section 523, concerning kinds of debts excepted from discharge, has no relevance here.