In re H. Norman LECK, Debtor.

Bankruptcy No. MM7–89–02580.

United States Bankruptcy Court,
W.D. Wisconsin.

March 16, 1990.

Denis P. Bartell, Ross & Stevens, S.C., Madison, Wis., for debtor.

Peter M. Gennrich, Jenswold, Studt, Hanson, Clark & Kaufman, Madison, Wis., for creditors.

Jerry J. Armstrong, Madison, Wis., Trustee.

MEMORANDUM DECISION

ROBERT D. MARTIN, Chief Judge.

On October 13, 1989 the debtor, Henry Norman Leck, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. His personal property schedule included a personal injury cause of action arising from an April 29, 1988 automobile accident. Leck's exemption schedule stated that the cause of action was exempt "per *Brandstaetter*, 36 B.R. 369 (E.D. Wis.)." Thereafter, the Bank of Monticello, the Bank of South Wayne, and the State Bank of Winslow, ("Banks"), each judgment creditors of the debtor, filed a joint objection to the exemption of the personal injury claim.

In *In re Brandstaetter*, 36 B.R. 369 (Bankr.E.D.Wis.1984) the bankruptcy court relied on *In re Buda*, 323 F.2d 748 (7th Cir.1963), a case decided under the Bankruptcy Act of 1898, in concluding that personal injury claims are exempt under Wisconsin law. The district court affirmed the bankruptcy court's decision in *Brandstaetter*. Subsequently, the case was affirmed on other grounds by the Seventh Circuit Court of Appeals, which chose not to address the issue of whether a debtor could claim an exemption in the debtor's personal injury cause of action:

> Both the bankruptcy judge and the district court found that since the personal injury claim had been excluded from the bankruptcy estate in *Matter of Buda*, 323 F.2d 748 (7th Cir.1963), and was therefore not available to meet creditors' claims under the former bankruptcy law, this property was also exempt under Wisconsin law under the test provided by the new Bankruptcy Code. We decline to address this issue on the merits....

*Matter of Brandstaetter*, 767 F.2d 324, 326 (7th Cir.1985).

*Buda* involved Bankruptcy Act § 70(a)(5), (11 U.S.C. § 110(a)(5)), which provided:

> a. The trustee of the estate of a bankrupt and his successor or successors, if any, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this Act, except insofar as it is to property which is held to be exempt, to all of

the following kinds of property wherever located

(5) property, including rights of action, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered: *Provided,* That rights of action ex delicto for libel, slander, injuries to the person of the bankrupt or of a relative, whether or not resulting in death, seduction, and criminal conversation shall not vest in the trustee unless by the law of the State such rights of action are subject to attachment, execution, garnishment, sequestration, or other judicial process....

Because the trustee in *Buda* had conceded that a personal injury cause of action was not subject to attachment, execution, or garnishment under Wisconsin law, the appellate court's inquiry was limited to whether a personal injury cause of action was subject to sequestration or other judicial process under Wisconsin law, and thus constituted property of the estate. It concluded that such a claim was not subject to either sequestration or other judicial process, and accordingly affirmed the district court's decision that the personal injury action did not vest in the trustee.[1]

Unlike former Bankruptcy Act § 70, (11 U.S.C. § 110), current Section 541(a)(1) of the Bankruptcy Code defines property of the bankruptcy estate to include "all legal or equitable interests of the debtor in property as of the commencement of the case."

"The scope of section 541 is broad, and includes causes of action." *Sierra Switchboard Co. v. Westinghouse Electric Corp.,* 789 F.2d 705, 707 (9th Cir.1986), citing *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 205 & n. 9, 103 S.Ct. 2309, 2313 & n. 9, 76 L.Ed.2d 515 (1983). The *Sierra Switchboard* Court continued:

In *Tignor v. Parkinson,* 729 F.2d 977 (4th Cir.1984) the Fourth Circuit broadly construed section 541 and held that an unliquidated personal injury claim was property of the bankruptcy estate. The court, recognizing that such claims would have been excluded under former section 70a as a non-transferable interest, unreachable by creditors, reasoned:

The Bankruptcy Reform Act which repealed the old Bankruptcy Act is a significant change in the law applicable to the property of the bankrupt estate. Under the old Act only non-exempt property was included as part of the bankrupt estate.... Under the Reform Act, however, all property of the debtor is included in the bankrupt estate, including exempt property. "After the property comes into the estate, then the debtor is permitted to exempt it under proposed 11 U.S.C. § 522, and the court will have jurisdiction to determine what property may be exempted ..." Legislative History, 1978 U.S. Code Cong. & Ad.News at 5787, 5868, 6324 ... The legislative history of this statute is explicit ...: "The scope of this paragraph is broad. It includes all

---

1. The debtors in *Brandstaetter* also relied upon *Peeples v. Sargent,* 77 Wis.2d 612, 253 N.W.2d 459 (1977), which, like *Buda,* predated the enactment of the Bankruptcy Code. In *Peeples,* the Wisconsin Supreme Court stated:

Because both the medical expenses claim and the loss of consortium [claim] are personal injury rights of action they do not vest in the trustee unless by the law of Wisconsin such rights " 'are subject to attachment, execution, garnishment, sequestration, or other judicial process.' [per Bankruptcy Act § 70(a)(5) ]" In *In re Buda,* 323 F.2d 748 (7th Cir.1963), the Seventh Circuit Court of Appeals held that under Wisconsin law a personal injury right of action did not pass to the trustee.

*Id.,* 77 Wis.2d at 643, 253 N.W.2d 459 (footnote omitted). The Court failed to state whether it

agreed with the Court of Appeal's holding, instead simply noting that "In any event the trustee has assigned any claim he might have in this regard [i.e., with respect to the medical expenses and loss of consortium causes of action] to the plaintiffs." *Id.,* 77 Wis.2d at 644, 253 N.W.2d 459. It is therefore incorrect to state, as the debtor in our case alleges, that in *Peeples* the Court "held that, because a claim for personal injury was exempt, it did not become part of the bankruptcy estate under the Bankruptcy Act in effect at that time." Furthermore, that a personal injury cause of action may not have been property of the estate under the former Bankruptcy Act is not dispositive of whether such an action may be exempted from the estate under the current Bankruptcy Code. The debtor's reliance on *Peeples* is therefore misplaced.

kinds of property, including tangible or intangible property, causes of action...."

The fact that the schedule of exemptions established by Congress in the Reform Act includes an exemption of $7,500 for personal bodily injury claims is another clear indication that 11 U.S.C. § 541(a) brings such claims into the bankrupt estate in the first instance....

The debtor's claims for injuries to the person ... are thus property of the bankrupt estate as of the commencement of the case. (footnotes omitted).

*Id.* at 980–81.

*Sierra Switchboard,* 789 F.2d at 708. The *Sierra Switchboard* Court noted that "By adopting a comprehensive definition of property, the Bankruptcy Reform Act reduced the bankruptcy court's cumbersome reliance on state law analysis for determining property to be included in the estate" (citations omitted), and concluded that "[r]egardless of whether a personal injury claim is transferable or assignable under state law, such claims become part of the bankruptcy estate under section 541." *Id.,* 789 F.2d at 709. In addition to the Fourth and Ninth Circuits, the Sixth and Eleventh Circuits, as well as various bankruptcy courts, have determined that personal injury claims are property of the bankruptcy estate under 11 U.S.C. § 541. *See In re Cottrell,* 876 F.2d 540, 543 (6th Cir.1989)

and *Jones v. Harrell,* 858 F.2d 667, 669 (11th Cir.1988); *see also Matter of Young,* 93 B.R. 590, 592–93 (Bankr.S.D.Ohio 1988); *Cowan v. Fidelity Interstate Life Ins. Co.,* 89 B.R. 564, 571 (Bankr.E.D.La.1988); *In re Duty,* 78 B.R. 111, 116 (Bankr.E.D.Va. 1987); *In re Richards,* 57 B.R. 662, 664 (Bankr.D.Nev.1986); *In re Mills,* 46 B.R. 525, 526 (Bankr.S.D.Fla.1985).

In *Tignor,* a case originating in Virginia, the Fourth Circuit Court of Appeals stated that "Bankrupt estate property must qualify for exemption, if at all, under the scheme of 11 U.S.C. § 522.[2]" *Tignor,* 729 F.2d at 981. Pursuant to Section 522(b)(1), Virginia had "opted-out" of the federal exemption scheme contained in Section 522(d). Accordingly, the *Tignor* Court's inquiry was limited to a determination of "whether and to what extent Virginia law provides an exemption for personal bodily injury claims." *Id.*

While noting that precedent required Virginia's exemption statutes to be liberally construed, the Court cited additional authority which provided that " '[t]he liberal construction required to be given to our constitutional and statutory provisions does not authorize the courts to reduce or enlarge the exemption, or to read into the exemption laws an exception not found there.' " *Id.,* citing *Goldburg Co. v. Salyer,* 188 Va. 573, 582, 50 S.E.2d 272, 277 (1948).

**2.** 11 U.S.C. § 522(b) provides:

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection. In joint cases filed under section 302 of this title and individual cases filed under section 301 or 303 of this title by or against debtors who are husband and wife, and whose estates are ordered to be jointly administered under Rule 1015(b) of the Bankruptcy Rules, one debtor may not elect to exempt property listed in paragraph (1) and the other debtor elect to exempt property listed in paragraph (2) of this subsection. If the parties cannot agree on the alternative to be elected, they shall be deemed to elect paragraph (1), where such election is permitted under the law of the jurisdiction where the case is filed. Such property is—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal Law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place; and

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

Virginia's homestead exemption statute provided an exemption of up to $5,000.00 in real and personal property, including debts due, where "debts" was defined to include "a liability incurred as the result of an unintentional tort." The Court held that the FELA claim involved therein was a claim for an unintentional tort and could be claimed as exempt under the Virginia homestead exemption statute. *Id.* The Court further held that the cause of action could not be claimed exempt "as a common law exemption nor as an unassignable cause of action unreachable by creditors under state law." *Id.*

In so holding, the Court explained:

Important considerations support our literal reading of the Virginia statute. Exemptions are strictly creatures of constitutional and statutory law, (citation omitted), and as the opinion affirmed by the district court may be read to be based upon a common law exemption, we do not think it is supportable. As that opinion may be read as not including as property of the bankrupt estate a cause of action which could not be reached by creditors in a state court, that aspect of the old Act was simply repealed by the Reform Act as we have set forth above in this opinion. The upshot of the matter is that, had the Virginia legislature not amended Va.Code § 34–4 as it did, a Virginia debtor in bankruptcy under the Reform Act could well have no exemption at all for unliquidated bodily injury claims. No statutory exemption was needed under the old Act, because under former 11 U.S.C. § 110(a)(5) and *Ruebush* [*Ruebush v. Funk,* 63 F.2d 170 (1933)] unliquidated bodily injury claims did not come into the bankrupt estate in the first instance. With the passage of the Reform Act, however, such claims became estate property. Once Virginia chose not to permit choosing the federal exemption scheme, such claims could not even have been exempted as homestead property unless they were a "debt due" under Virginia law, which is doubtful. The amendment to the Virginia homestead exemption statute thus fits well

into the scheme of the Bankruptcy Reform Act.

*Id.* at 981–82. *See also In re Geis,* 66 B.R. 563, 565 (Bankr.N.D.Ga.1986).

In our case, the debtor has, pursuant to 11 U.S.C. § 522(b)(2), chosen to elect his exemptions under Wisconsin's exemption scheme and "other Federal law" (i.e., that not found in Section 522(d)). As is true in Virginia, in Wisconsin "[t]he principles of liberal construction cannot be employed to write exemptions into the statutes. This is so because the right of a debtor to hold his property free from claims of creditors is not a common-law right and, therefore, in the absence of constitutional or statutory provisions all of the property of a debtor may be subjected to the payment of his debts." *Schwanz v. Teper,* 66 Wis.2d 157, 164, 223 N.W.2d 896 (1974), citing *Northwest Bank and Trust Co. v. Minor,* 275 Wis. 516, 517, 82 N.W.2d 323 (1957). *See also Gillette State Bank v. Knaack,* 229 Wis. 179, 181, 281 N.W. 913 (1938); *Williams v. Smith,* 117 Wis. 142, 93 N.W. 464 (1903).

In *Williams,* the Wisconsin Supreme Court referred to former sec. 3035, Stats. 1898, which had authorized "application to the judgment of 'any property of the judgment debtor in the hands of either himself or any other person, or due to the judgment debtor, not exempt from execution.'" *Williams,* 117 Wis. at 148, 93 N.W. 464. The Court stated that:

We cannot doubt that the words "not exempt from execution," so used, are equivalent to "not exempted by express statute from execution." It may be stated generally that, except for express statute, all property of a debtor is liable for his debts. Such is the obvious implication of sec. 17, art. I, of our constitution.

*Id.* Current Wis.Stat. § 816.08 utilizes the same "not exempt from execution" language, providing that "The court or judge may order any property of the judgment debtor or due to the judgment debtor, not exempt from execution, to be applied toward the satisfaction of the judgment...." It must still be said that except for a con-

stitutional provision or an express statute, all property of a debtor is liable for the debtor's debts.

Wis. Const. Art. I, § 17 provides that "The privilege of the debtor to enjoy the necessary comforts of life shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability hereafter contracted." Wis.Stat. § 815.18 enumerates those properties exempt from execution in Wisconsin; Wis. Stat. § 815.20 contains the homestead exemption. No expressly stated exemption is contained in these statutes for personal injury causes of action.

The debtor claims his personal injury cause of action exempt on the authority of *In re Brandstaetter*, 36 B.R. 369 (Bankr.E. D.Wis.1984), relying as it did on *In re Buda*, 323 F.2d 748 (7th Cir.1963). According to the *Brandstaetter* court:

> *[B]uda* implicitly held that personal injury claims were exempt personal property under Wisconsin law. It follows, that even in the absence of a specific statutory exemption, § 522(b)(2)(A) of the Bankruptcy Code allows Wisconsin debtors to claim personal injury action exempt and thereby remove such actions from their bankruptcy estates created under § 541 of the Code.

*Id.*, 36 B.R. at 370 (footnotes omitted). However, in *Buda*, the Court of Appeals did not implicitly hold that personal injury claims were exempt personal property under Wisconsin law; rather, it concluded that such claims could not be reached by creditor process, and therefore under Bankruptcy Act § 70(a)(5) did not vest in the trustee as property of the estate.

As was noted by the Fourth Circuit Court of Appeals in *Tignor*, "No statutory exemption was needed under the old Act, because under former 11 U.S.C. § 110(a)(5) ... unliquidated bodily injury claims did not come into the bankrupt estate in the first instance. With the passage of the Reform Act, however, such claims became estate property." *Tignor*, 729 F.2d at 982. The relevant inquiry is thus no longer whether a personal injury action may be reached by a creditor's collection efforts, but rather whether, in the case of a debtor electing his exemptions pursuant to 11 U.S.C. § 522(b)(2), State or "other Federal law" exists pursuant to which such actions may be claimed exempt from property of the estate. No "other Federal law" exists which would enable a debtor to exempt a personal injury cause of action and Wisconsin law contains no express constitutional or statutory exemption for personal injury causes of action.

In the absence of any express Wisconsin statutory or constitutional provision for the exemption of personal injury causes of action, the Banks' objection in our case to the debtor's claimed exemption in his personal injury cause of action is sustained.