### In the Matter of Gerald E. GEISE, Jr., Debtor–Appellant.

### No. 91–3820.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 23, 1992.

Decided April 16, 1993.

R. Arthur Ludwig (argued), Ludwig & Shlimovitz, Milwaukee, WI, for R. Arthur Ludwig.

Joseph W. Weigel (argued), Jeffrey A. Reitz, Eisenberg, Weigel, Carlson, Blau, Reitz & Clemens, Milwaukee, WI, for Gerald E. Geise, Jr.

Before FLAUM and RIPPLE, Circuit Judges, and KAUFMAN, Senior District Judge.*

RIPPLE, Circuit Judge.

This appeal concerns the right of a Wisconsin debtor, prior to the enactment of section 815.18(3)(i)(c) of the Wisconsin Statutes,[1] to exempt from his estate a personal injury claim pending at the time of his bankruptcy filing. The bankruptcy court, relying upon *In re Brandstaetter*, No. 84–C–382 (E.D.Wis. Oct. 29, 1984), *aff'd on other grounds*, 767 F.2d 324 (7th Cir.1985), held that such claims were exempt from the bankruptcy estate. Bankr.Ct. Order Denying Objection to Exemptions at 1. On appeal, the district court reversed. It determined that *Brandstaetter* was neither controlling nor persuasive. Dist. Ct.Mem.Op. at 5–6. For the reasons set forth in this opinion, we affirm the decision of the district court.

## I

## BACKGROUND

This case requires that we resolve an issue that, although not of enduring importance because of later changes in the law of Wisconsin that are inapplicable to this case,[2] has divided the bankruptcy and district courts in that state. Accordingly, in setting forth the background of the case, it is necessary that we address not only the factual history but, in more detail than is customary, the precedential background that our colleagues on those benches confronted as they considered this matter.

### A. *Factual History*

On February 29, 1988, the debtor, Gerald E. Geise, Jr., filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. This case was later converted to a Chapter 7 liquidation proceeding. In his personal property schedule (Schedule B–2), Mr. Geise listed a personal injury cause of action then pending in Nevada.[3] Pursuant to 11 U.S.C. § 522,[4] Mr. Geise elected to file exemptions under Wisconsin law and listed the personal injury claim as exempt from property of the estate. He premised this claim on the decisions of *In re Brandstaetter*, 36 B.R. 369 (Bankr.E.D.Wis.1984), *aff'd on other grounds*, 767 F.2d 324 (7th Cir.1985), and *In re Buda*, 323 F.2d 748 (7th Cir.1963). The bankruptcy trustee objected on the ground that, at the time of Mr. Geise's filing, Wisconsin law provided no statutory exemption for personal injury actions or their proceeds.

### B. *Holding of the Bankruptcy Court*

The bankruptcy court entered an order in which it denied the trustee's objection. It relied on the district court's unpublished opinion in *In re Brandstaetter*, No. 84–C–382 (E.D.Wis. Oct. 29, 1984), *aff'd on other grounds*, 767 F.2d 324 (7th Cir.1985), affirming the decision of the bankruptcy court. *See* 36 B.R. 369 (Bankr.E.D.Wis.1984). In *Brandstaetter*, the bankruptcy court had held that a Wisconsin debtor's personal injury claim was exempt from the estate under Wisconsin law. The court acknowledged that, at the time of the filing, there was no specific Wisconsin statutory provision that allowed for the exemption of personal injury claims. Nevertheless, the *Brandstaetter* court noted that, in *In re Buda*, 323 F.2d 748 (7th Cir.1963), this court had analyzed section 128.19 of the Wisconsin Creditor's Act and the Remedies Supplementary to Execution Act of Wisconsin and had concluded that rights of action for personal injury were not subject to sequestration or other judicial process and therefore could not be applied to-

---

* The Honorable Frank A. Kaufman, Senior District Judge for the District of Maryland, is sitting by designation.

1. Under § 815.18(3)(i)(c) a Wisconsin debtor now may claim an exemption of up to $25,000 for a personal injury award. Wis.Stat.Ann. § 815.18(3)(i)(c) (West Supp.1992). This amendment of § 815.18 took effect on May 4, 1990, and is inapplicable to the present action because Mr. Geise filed for bankruptcy prior to that date. *See* 11 U.S.C. § 522(b)(2)(A).

2. *See supra* note 1.

3. The case was eventually settled for $70,000.

4. This provision of the Bankruptcy Code allows a debtor. to elect either the federal exemptions from property of the estate or the exemptions provided by the laws applicable on the date of filing of the state in which the debtor is domiciled. 11 U.S.C. § 522(b)(2). *See infra* note 6 for pertinent text of the statute.

ward the satisfaction of a judgment. 36 B.R. at 369–70.

## C. Holding of the District Court

The district court reversed the decision of the bankruptcy court. The district court believed that *Brandstaetter* was wrong for three reasons. First, in the district court's view, *Brandstaetter* had misread *Buda*. The district court believed that *Buda* did not hold that personal injury actions are implicitly exempt from the bankruptcy estate. Instead, the district court stated that

> Nothing in [section 128.19] stands for the proposition that personal injury actions are implicitly exempt. The issue in *Buda* was simply whether Wisconsin law permitted creditors to reach a personal injury action in state court. This inquiry was relevant under the old Act because ... not all property vested in the trustee. It has no significance under the Code, however.

Dist.Ct.Mem.Op. at 5. The district court supported this conclusion by relying on an opinion of another judge of the bankruptcy court, *In re Leck*, 113 B.R. 500 (Bankr. W.D.Wis.1990). In *Leck*, the court held, contrary to *Brandstaetter*, that the debtor could not exempt his personal injury claim from the bankrupt estate. In reaching this result, *Leck* relied heavily on the differences between the former Bankruptcy Act and the new Bankruptcy Code. Under the former Act, noted the *Leck* court, the estate of the bankrupt included, inter alia, rights of action for personal injuries *only* if those rights were " 'subject to attachment, execution, garnishment, sequestration, or other judicial process....' " as provided by the applicable state's law. 113 B.R. at 501 (quoting Bankruptcy Act § 70(a)(5), 11 U.S.C. § 110(a)(5) (1976)). By contrast, under the new Code, almost all property of the debtor is included initially within the estate. *See* 11 U.S.C. § 541. After the property comes into the estate, the debtor is permitted to make certain exemptions pursuant to 11 U.S.C. § 522. This new scheme, noted the *Leck* court, " 'reduced the bankruptcy court's cumbersome reliance on state law analysis for determining property to be included in the estate' ... [because] '[r]egardless of whether a personal injury claim is transferable or assignable un-

der state law, such claims become part of the bankruptcy estate under section 541.' " 113 B.R. at 502 (quoting *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 708 (9th Cir.1986)). The *Leck* court then concluded that under the Bankruptcy Code the

> relevant inquiry is no longer whether a personal injury action may be reached by a creditor's collection efforts, but whether, in the case of a debtor electing his exemptions pursuant to 11 U.S.C. § 522(b)(2), State or "other Federal law" exists pursuant to which such actions may be claimed exempt from property of the estate.... Wisconsin law contains no express constitutional or statutory exemption for personal injury causes of action.

113 B.R. at 504. Thus, the *Leck* court held that personal injury claims were not exempt from the estate.

After noting the rationale in *Leck*, the district court continued its analysis by emphasizing that, in Wisconsin, it is necessary that an exemption be found in a "specific constitutional or statutory provision." Dist. Ct.Mem.Op. at 5. The court believed that *Brandstaetter* "went too far" in relying on "some sort of implicit exemption for personal injury claims." *Id.* Finally, the district court opined that *Brandstaetter* exceeded its intended result by granting a debtor not only a fresh start, but "a head start" in allowing such an exemption from the bankruptcy estate. *Id.* at 6. Mr. Geise now appeals the decision of the district court.

## II

## ANALYSIS

We must determine whether, prior to Wisconsin's amendment of section 815.18 to exempt specifically payments for personal bodily injury claims, *see* Wis.Stat.Ann. § 815.-18(3)(i)(c) (West Supp.1992), an exemption existed for such claims.

## A.

■ As the bankruptcy and district courts have recognized in confronting this question, the starting point of the analysis must be an

understanding of the Bankruptcy Code's approach to exemptions, an approach that differs radically from the methodology employed in the old Bankruptcy Act of 1898. Except where otherwise provided in the section, 11 U.S.C. § 541(a)(1) defines property of the bankruptcy estate to include "all legal or equitable interests of the debtor in property as of the commencement of the case." The scope of section 541 is broad and includes causes of action. *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th Cir.1986) (citing *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204–05, 205 n. 9, 103 S.Ct. 2309, 2313–14, 2313 n. 9, 76 L.Ed.2d 515 (1983)); *In re Smith*, 640 F.2d 888, 892 (7th Cir.1981).

■ In contrast, section 70(a)(5) of the Bankruptcy Act of 1898,[5] the predecessor statute to section 541, included in the estate

> rights of property, which prior to the filing of the petition [the bankrupt] could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered: *Provided*, That rights of action ... for ... injuries to the person of the bankrupt ... shall not vest in the trustee unless by the law of the State such rights of action are subject to attachment, execution, garnishment, sequestration, or other judicial process. . . .

Thus, the new Bankruptcy Code changed the legal landscape by dramatically expanding the definition of property included in the estate. *In re Hunter*, 970 F.2d 299, 302 (7th Cir.1992). Section 541 eliminated the requirement that property must be transferable or subject to process in order to become initially part of the estate. *Id.*

■ Moreover, with the enactment of the Code, a revised exemption scheme was also implemented under 11 U.S.C. § 522.[6] As we explained in *Hunter:*

> Under this section, two alternative sets of exemptions are created. Subsection 522(b)(1) affords the debtor the federal exemptions set forth in subsection 522(d); alternatively, under subsection 522(b)(2), the debtor may choose the exemptions provided by his domicile state along with exemptions provided by federal, non-Code bankruptcy law (*e.g.*, the social security payment exemption, 42 U.S.C. § 407, and veterans benefits exemption, 38 U.S.C. § 1970(g)). . . . The Code also allows individual states to take this choice away from the debtor by "opting out" of the federal exemptions altogether. *See* 11 U.S.C. § 522(b)(1).

*Id.* at 303. Thus, while state law is no longer relevant to define property of the estate, state law is extremely pertinent if a debtor is attempting to exempt property under the laws of the state of his domicile.

### B.

This court has long recognized the difficulties that attend the task of interpreting the state law exemptions allowed by the new Bankruptcy Code. *See* 11 U.S.C. § 522(b). As we noted in *In re Sullivan*, 680 F.2d 1131, 1135–36 (7th Cir.), *cert. denied*, 459 U.S. 992, 103 S.Ct. 349, 74 L.Ed.2d 388 (1982), and again in *In re Ondras*, 846 F.2d 33, 35 (7th Cir.1988), section 522(b) was a last minute legislative compromise that left virtually no legislative history. Consequently, the courts of appeals that have addressed the issue have concluded that the states have great latitude in formulating their own exemptions and in establishing eligibility requirements for these

---

5. This section was formerly 11 U.S.C. § 110(a)(5) (1976).

6. 11 U.S.C. § 522(b) states, inter alia, that [n]otwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection. . . . Such property is—
(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,
(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place. . . .

exemptions. *Ondras,* 846 F.2d at 35–36 (collecting cases). Indeed, courts have noted candidly that state exemption schemes can be quite inconsistent with the general goals of the federal Bankruptcy Code. *See, e.g., In re Shines,* 39 B.R. 879, 881–82 (Bankr. E.D.Va.1984) (noting that the Virginia exemption for rent debts disrupted the federal distribution scheme and its underlying goal of equality among classes of creditors).

In taking advantage of the ability to provide state exemptions, therefore, Wisconsin has a great deal of freedom, under the consistent precedent of this and other circuits, in how it proceeds. With this background, we turn to the available, but sparse, evidence of what Wisconsin has done. Our goal is to discern, from this paucity of material, whether Wisconsin has exempted from the bankrupt estate a cause of action for personal injuries.

 We begin with the Wisconsin Constitution. Article I, section 17 provides that

> [t]he privilege of the debtor to enjoy the necessary comforts of life shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability hereafter contracted.

In interpreting this section, the Wisconsin courts have discerned two underlying policy concerns that bear on our analysis. Legislation creating exemptions in favor of a debtor must be liberally construed. *See Fink v. O'Neil,* 106 U.S. 272, 275, 1 S.Ct. 325, 326–27, 27 L.Ed. 196 (1882) (discussing Wisconsin statutory provisions); *Eloff v. Riesch,* 14 Wis.2d 519, 111 N.W.2d 578, 582 (1961);

*Krueger v. Pierce,* 37 Wis. 269, 271 (1875). Nevertheless, this general principle of liberal construction cannot be employed to write exemptions into statutes. *Schwanz v. Teper,* 66 Wis.2d 157, 223 N.W.2d 896, 900 (1974). The right of a debtor to keep property free from the claims of creditors is not a common-law right. *Id.* In the absence of a statutory provision, therefore, all the debtor's property may be subjected to the payment of debts.[7] *Id. Northwest Bank & Trust Co. v. Minor,* 275 Wis. 516, 82 N.W.2d 323 (1957), discussed by both parties to the present action, is instructive. In that case, a bank sought to recover, through attachment, an automobile titled in the name of a man whose whereabouts were unknown. At the time of the attachment, the automobile was in the possession of his wife and used by her to commute to work. At the time, Wisconsin law exempted from seizure or from sale on execution an automobile "used or kept" for the purpose of carrying on the *debtor's* trade or business. Invoking the principle that the right of a debtor to keep property free from claim is not a common-law right but a statutory right, the court held that the exemption did not apply because it did not by its terms apply to the debtor's family. The court noted that, with respect to other exemptions, family members were covered explicitly. *Id.* at 324.

 As we have noted earlier, the Wisconsin legislature has enacted an exemption section that implements explicitly the constitutional provision. *See* Wis.Stat.Ann. § 815.18 (listing property exempt from execution). At the present time, although not at the time of the filing of the bankruptcy petition in this

7. Mr. Geise cites *In re Mitchell,* 73 B.R. 93 (Bankr.E.D.Mo.1987), a Missouri bankruptcy court decision, in support of his claimed exemption. That decision, like the Wisconsin bankruptcy court's decision in *Brandstaetter,* held that

> property of the estate which is effectively exempt from attachment and execution under Missouri law may be allowed as an exemption in bankruptcy.

*In re Mitchell,* 73 B.R. at 94. Despite being the progenitor of a line of Missouri cases exempting personal injury claims, *Mitchell* is inapplicable to the present action. *Mitchell* was controlled by Missouri exemption law, which differs from Wisconsin exemption law in at least one significant respect. Under the Missouri opt-out statute, the state has restricted its debtors to exempting only that property "that is exempt from attachment and execution under the law of the state of Missouri or under federal law, other than Title 11, United States Code, Section 522(d) ..." Mo. Ann.Stat. § 513.427 (Vernon Supp.1992). *Mitchell* interpreted the statute to permit "Missouri residents to claim exemptions created by statutory and constitutional law as well as *common law.*" 73 B.R. at 94 (emphasis added). As noted in the text, such an interpretation is not

case,[8] the statute specifically lists payments, not in excess of $25,000, resulting from bodily injury claims as exempt from property of the estate. Wis.Stat.Ann. § 815.18(3)(i)(c) (West Supp.1992). From the available legislative history, we cannot tell whether this amendment was considered a matter of addition or clarification. It was added at the time of a general revision of the statutory section. Just as importantly, there is no indication that this section is the *sole* source of legislative exemptions. Indeed, there appears to be at least one other section, 425.106(2), that sets up other exemptions under the Wisconsin Consumer Act. As we have already noted, there is no federal requirement that a state exemption provision be so self-contained. Indeed, as a brief glance at a collection of the state exemption statutes confirms,[9] even in those states that have enacted specific statutory listings of exempt property, other statutory sections also have been considered exemptions.

### C.

Mr. Geise contends that section 128.19 of the Wisconsin Code, while not providing an explicit exemption, may be construed as establishing an exemption for personal injury actions and their proceeds. That section provides:

128.19. Title to property

(1) The receiver or assignee upon his qualification shall be vested by operation of law with the title of the debtor as of the date of the filing of the petition or assignment hereunder, except so far as it is property which is exempt, including ...

(a) Property transferred by him in fraud of his creditors.

(b) Property which prior to the filing of the petition or assignment he could by any means have transferred or which might have been levied upon and sold under judicial process against him.

(c) Rights of action arising upon contracts or from the unlawful taking or detention of or injury to his property.

(2) The receiver or assignee may avoid any transfer by the debtor of his property which any creditor might have avoided and may recover the property so transferred or its value from the person to whom it was transferred unless he was a bona fide holder for value prior to the filing of the petition or assignment hereunder.

On its face, the statute says nothing about personal injury actions. Nevertheless, Mr. Geise submits that such a construction is warranted. In this regard, he relies on this court's decision in *In re Buda*, 323 F.2d 748 (7th Cir.1963). In that case, this court was required to determine whether under Wisconsin law a cause of action for personal injuries ought to be included in the bankruptcy estate under section 70(a)(5) of the old Bankruptcy Act. As we have noted previously,[10] section 70(a)(5) exempted personal injury causes of action "unless by the law of the State such rights are subject to attachment, execution, garnishment, sequestration or other judicial process." The trustee had conceded (although the basis for this concession is not clear) that such a right of action was not subject to attachment, execution, or garnishment under Wisconsin law. *Buda*, 323 F.2d at 749. Therefore, this court had to determine whether the cause of action was "subject to sequestration or other judicial process." The court held that

[i]t is our opinion that if the Wisconsin legislature intended that "property" subject to "sequestration" should include a right of action for injuries to one's person it would not obscure that intention by the general language of paragraph (1)(b) of § 128.19 but would have placed the words "his person or" following the word "to" in paragraph (1)(c). We conclude on this point that because the right of action was transferable by assignment it was not ipso

open to a Wisconsin debtor. Thus Mr. Geise offers *Mitchell* to no avail.

8. The debtor may make use only of the state exemptions "applicable on the date of the filing of the petition." *See* 11 U.S.C. § 522(b)(2)(A).

9. For a comprehensive listing of state law exemptions, *see* 7 Lawrence P. King, Collier on Bankruptcy (15th ed. 1992).

10. *See supra* p. 655 for relevant text of Bankruptcy Act § 70(a)(5).

facto property which vested under § 128.-19.

*Id.* at 750.

In the present case, the district court was of the view that this court's holding in *Buda* cannot constitute an exemption because, in Wisconsin, all exemptions must be based on specific constitutional or statutory provisions. We do not believe, however, that invocation of this principle of Wisconsin law, standing alone, is sufficient to preclude a determination that section 128.19 constitutes an exemption. The decision in *Buda* is, at bottom, a judicial interpretation of a statute. This court held, in essence, that section 128.19 ought to be construed as forbidding, by implication, the sequestration of a cause of action for personal injury. Therefore, consistent with Wisconsin law, the exemption would be grounded in a statute.

■ While we do not believe that the Wisconsin rule that an exemption be constitutionally or statutorily based is an impediment to determining that section 128.19 is an exemption, a more fundamental issue must be addressed before we can hold that section 128.19 can be treated as providing an exemption. We must determine whether the immunity of tort causes of action from sequestration, the interpretation of section 128.19 suggested by this court in *Buda*, amounts to an exemption for purposes of section 522(b)(2)(A) of the new Bankruptcy Code.

The term "exemption" is not defined in either the Bankruptcy Code or Wisconsin law as it existed at the time of Mr. Geise's filing. As we have noted earlier, our prior case law makes clear that the Code places few restrictions on the manner in which a state structures its exemption scheme. Nevertheless, as the following paragraphs will demonstrate, we are not entirely without guideposts.

■ As a starting point, we recall that the purpose of section 522(b)(2)(A) is to afford a state an opportunity to substitute its judgment for that of the Congress with respect to what property ought to be excluded from the bankruptcy estate. Our basic task,

therefore, is to discern the will of the state legislature: what was the exemption scheme that the legislature wished to make available to the state's residents as an alternative to the federal exemptions set forth in the Bankruptcy Code? It is not unreasonable to expect that the state's policy judgment will be set forth with sufficient clarity to permit the bankruptcy court administering the estate to identify the state exemptions with reasonable certainty. While state courts frequently refer to statutes which prohibit only certain forms of judicial process as "exemption" statutes, the term "exemption" "conventionally connotes protection against all forms of process...." William T. Vukowich, *Debtors' Exemption Rights*, 62 Geo.L.J. 779, 816 (1974). Therefore, it is appropriate, in our view, to give the word its common meaning in the absence of any legislative indication to the contrary.[11] *See, e.g., Scarlett v. Barnes,* 121 B.R. 578 (W.D.Mo.1990) (holding in the absence of definitive state authority, under Missouri law, a cause of action is not exempt unless immune from all types of judicial process). This approach not only provides us with the best opportunity to discern the otherwise unknown intent of the state legislature but also promotes an important congressional policy underlying the enactment of the new Bankruptcy Code: avoidance of "cumbersome ... state law analysis." *Sierra Switchboard,* 789 F.2d at 709. A fundamental purpose behind enactment of the new Code was to avoid such a quagmire:

> The bill makes significant changes in what constitutes property of the estate. Current law is a complicated melange of references to State law, and does little to further the bankruptcy policy of distribution of the debtor's property to his creditor in satisfaction of his debts....

> The bill determines what is property of the estate by a simple reference to what interests in property the debtor has at the commencement of the case. This includes all interests, such as interests in ... tangible and intangible property ... [and]

11. We need not decide whether the Bankruptcy Code would permit, as a matter of federal law, that a state give the term "exemption" a more restrictive meaning. *Cf. In re Ondras,* 846 F.2d 33, 36 (7th Cir.1988) (upholding right of state to permit exemptions against only a specified group of creditors).

causes of action ... whether or not transferable by the debtor.

H.R.Rep. No. 595, 95th Cong., 2d Sess. 175 (1977) (footnotes omitted), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6136.[12] It would indeed frustrate this congressional policy if, while avoiding such "cumbersome ... state law analysis" in defining initially the bankruptcy estate, a court was required to engage in the same analysis in determining whether property is exempt from the estate.

▆▆▆ In applying these considerations to the case before us, it is quite clear, we believe, that the district court was correct in refusing to consider Mr. Geise's personal injury claim to be an "exemption" under Wisconsin law. If the Wisconsin legislature had wished to exempt personal injury causes of action at the time Mr. Geise filed for bankruptcy,[13] it certainly was under no obligation to include this property right within its general list of "exemptions" in order to preserve it for its residents. However, it was obliged to identify it with reasonable certainty as an exemption. However, at no place in its statutes, or in the case law interpreting its statutes is there more than a whisper of an echo of the Wisconsin legislature's intent, during the relevant time period, to afford such protection to a personal injury action.[14] While our decision in *Buda* held that such claims were not subject to sequestration, our opinion did not, literally or functionally, characterize the immunity from process found in section 128.19 as an "exemption." As the district court discerned, *Buda* is simply too thin a reed to support a determination that at the time Mr. Geise filed for bankruptcy, the Wisconsin legislature had determined that personal injury causes of action were to be considered exemptions, as that term is normally used.

## Conclusion

Because we believe the district court was correct in its decision that Mr. Geise's personal injury cause of action cannot be considered exempt from the bankruptcy estate, we affirm the judgment.

AFFIRMED.

---

**12.** *See also* Commission on the Bankruptcy Laws of the United States, Report, H.R.Doc. No. 137, 93d Cong., 1st Sess., pt. I, at 194 (1973) (quoting Vern Countryman, *The Use of State Law in Bankruptcy Cases (Part I)*, 47 N.Y.U.L.REV. 407, 473 (1972)).

On balance, there is little to justify the distinctions made ... among: (1) types of property which vest in the trustee regardless of transferability or vulnerability to creditors' process; (2) those which vest only if subject to creditors' process; and (3) those which vest if either transferable or subject to creditors' process. The results are far from uniform and very often are the products of archaic state rules harking back to the days when causes of action and other nonpossessory interests were generally regarded as nontransferable or to equally archaic state statutes governing attachment, garnishment and execution. Even where the state law may be said to reflect some special concern for debtors, such concern is so haphazard that it should not be embodied in what is supposed to be a uniform bankruptcy law.

Commission on the Bankruptcy Laws of the United States, Report, H.R.Doc. No. 137, 93d Cong., 1st Sess., pt. I, at 194.

**13.** We note that, to the extent that the recent statutory amendment, *see supra* note 1, might be considered as confirming earlier legislative understanding (a matter we cannot confirm on the basis of existing legislative history), it supports our analysis. The new statute defines "exempt" as

free from *any* lien obtained by judicial proceedings and ... not liable to seizure or sale on execution or on *any* provisional or final process issued from any court, or *any proceedings* in aid of court process.

Wis.Stat.Ann. § 815.18(2)(h) (West Supp.1992) (emphasis added).

**14.** In *Peeples v. Sargent*, 77 Wis.2d 612, 253 N.W.2d 459, 472 (1977), the Supreme Court of Wisconsin noted that this court had decided in *In re Buda*, 323 F.2d 748 (7th Cir.1963), that "under Wisconsin law a personal injury right of action did not pass to the trustee." (footnote omitted). However, it also noted that the trustee had assigned any claim he might have had in this regard. *Peeples*, 253 N.W.2d at 472. Therefore, the Wisconsin Supreme Court's decision cannot be considered an endorsement of *Buda*.